IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | |
|---|---|
| RICHARD D. HINMAN, | Cause No. CV 13-46-BLG-SEH-CSO |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| LEROY KIRKEGARD; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

_____

On April 3, 2013, Petitioner Richard D. Hinman filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254. Hinman is a state prisoner proceeding pro se.

Aside from the gross untimeliness of Hinman's challenge to his 1994 conviction, *see* Pet. (doc. 1) at 2 ¶ 2, 4-5 ¶¶ 13A-B, the instant petition is the second one he has filed under § 2254. Docket entries[1] in *Hinman v. Day*, Cause No. CV 96-42-BLG-JDS, show that United States Magistrate Judge Richard W. Anderson

---

[1] Due to the age of the case, no documents are available electronically, and the case file has been archived.

1

recommended, on May 15, 1996, that Hinman's petition be "denied and dismissed with prejudice." Docket Entry 6. The recommendation was adopted, the petition was denied, and the case was dismissed on October 18, 1996. Docket Entry 11. Hinman did not appeal.

Because the instant petition is Hinman's second under § 2254, and because its filing was not preauthorized by the Court of Appeals, this Court lacks jurisdiction to consider it. 28 U.S.C. § 2244(b); *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam). Because dismissal is imperative, a certificate of appealability is not warranted. Because the petition is untimely, transfer to the Court of Appeals is not in the interest of justice. 28 U.S.C. §§ 1631, 2255(f).

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. The Petition (doc. 1) should be DISMISSED as an unauthorized second petition under 28 U.S.C. § 2244(b).

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Hinman may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. If Hinman files objections, he must itemize each factual finding to which objection is made and must identify the evidence in the record he relies on to contradict that finding; and he must itemize each recommendation to which objection is made and must set forth the authority he relies on to contradict that recommendation. Failure to assert a relevant fact or argument in objection to this Findings and Recommendation may preclude Hinman from relying on that fact or argument at a later stage of the proceeding. A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Hinman must immediately notify the Court of any change in his mailing address

by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 8th day of July, 2013.

                                              /s/ *Carolyn S. Ostby*
                                           United States Magistrate Judge